[Russell v. Beasley.]

# Russell *v.* Beasley.

*Bill in Equity for Partition of Lands.*

1. *Partition of lands in equity; when decreed.*—To sustain a bill in equity for the partition of lands, the complainant must allege, and prove if denied, an undivided interest in the lands, jointly or in common with the defendant; and it is not sufficient to show title in severalty to a distinct portion.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. N. S. GRAHAM.

DAVID P. LEWIS, for appellants.

BRANDON & JONES, *contra.*

SOMERVILLE, J.—We fully concur with the chancellor that the present bill is not sustained by the proof. The suit is one for the partition of lands claimed to be owned by the appellants, as joint owners, or tenants in common, with the appellee, Beasley. The case made by the allegations of the bill presents an undoubted ground of equitable jurisdiction. It is required of the complainants, however, that they should show a clear title to an *univided interest* in the lands sought to be partitioned.—*Arnett v. Bailey,* 60 Ala. 435; *Horton v. Sledge,* 29 Ala. 478; *Ormond v. Martin,* 37 Ala. 598.

The evidence fails to show any estate *in common* between the complainants and the defendant in the suit, either by way of a joint tenancy, or a tenancy in common. It avails nothing to prove title to a *distinct portion* of the land proposed to be partitioned, for the essence of the estate in common, necessary to be here shown, is that the tenants should "own undivided parts, and occupy promiscuously, because neither knows his own severalty."—Walker's Amer. Law (5th Ed.), p. 311.

The evidence offered by complainants may tend to prove title to one hundred and forty acres of the three hundred and sixty acres in controversy; but the defendant also sets up an exclusive claim to the same tract, and the proof is strong in support of his adverse possession of it for such length of time as to make good his plea of the statute of limitations.

[Beason v. The State.]

We place the decision of the case, however, upon the first point, which is the one upon which the chancellor seems to have based his decree.

Affirmed.