## JOHNSON v. MOSER.

1. **Partition**: OF REALTY OWNED IN SEVERALTY: NOT AUTHORIZED BY STATUTE. There is no authority in the statute for an action to partition real estate owned in severalty. Accordingly, where plaintiff purchased at execution sale so much of defendant's cellar as was not used by the defendant for the storage of provisions and vegetables for the use of his family, (under the authority of *Johnson v. Moser*, 66 Iowa, 536,) *held* that the interest which he and the defendant had in the cellar were several and not joint, and that an action for partition by metes and bounds could not be maintained.

*Appeal from Dubuque District Court* — HON. D. J. LINEHAN, *Judge.*

TUESDAY, OCTOBER 11.

ACTION to partition real estate. A demurrer to the petition was sustained, and plaintiff appeals.

*S. P. Adams*, for appellant.

*Fouke & Lyon*, for appellees.

SEEVERS, J.— The defendant at one time was the owner of the north $43\frac{1}{4}$ feet of lot No. 41 in the city of Dubuque, on which is situated a four-story brick building, under which is a cellar. The plaintiff obtained a judgment against the defendant, and caused an execution thereon to issue and be levied on said real estate, which the defendant claimed was exempt on the ground that it was his homestead. A proceeding was commenced to determine the extent of the homestead right of the defendant, and this court held on appeal that "the first and fourth stories of the brick building, and the cellar, (except that portion used by the defendant for the storage of provisions and vegetables for the use of his family,) were subject to be sold to satisfy the plaintiff's judgment." *Johnson v. Moser*, 66 Iowa, 536. In accordance with this judgment the plaintiff caused to be sold under execution such part of the cellar as above described, and the same was

conveyed to him by the sheriff. The plaintiff, under the claim that he and defendant are the owners of the cellar, asks to have the same partitioned, and that their respective shares thereof be fixed by metes and bounds. In substance, the foregoing facts are stated in the petition, to which a demurrer was sustained.

I. The Revision, § 3606, provided that, whenever the object of the action was to effect partition of real estate among several joint owners, the petition must describe the property and the respective interest of the several owners. This section in substance is incorporated into the Code, with the exception that the words "joint owners" are omitted, and as substitute therefor the words "several owners" have been adopted. (Code, § 3278.) Counsel for the appellant, therefore, insists that, whatever the rule was under the Revision, partition may now be had under the present statute, whenever real estate is owned in severalty by several owners, whenever the metes and bounds of the several portions have not been established, so that each portion may be readily known and determined. If this is not the precise claim made by counsel, it is undoubtedly, in our opinion, the logical result of his argument. The material portion of the relief asked is "that the court determine and fix by metes and bounds the portion of the cellar in question to which the plaintiff and the defendant are each entitled." This implies, and we think without doubt, that the parties own distinct portions of the cellar, unless the plaintiff does not own any of the real estate, but only an easement therein, as counsel for the defendant claims. We do not feel called on to determine this question; but, for the purposes of the opinion, it will be conceded that the plaintiff owns a portion of the real estate. While this concession is made, it does not follow that he is entitled to partition. The Code requires the court, in the manner therein provided, to ascertain the number of shares, and appoint referees to make partition accordingly. (Code, §§ 3289, 3290.) This clearly implies

that different persons own undivided interests in the real estate sought to be partitioned. That is, they are joint owners or tenants in common of the same real estate; and, in our opinion, the statute clearly contemplates that partition can be obtained only when real estate is so owned. There is no necessity to have, nor in the nature of things can there be, partition of real estate owned in severalty. If this action can be maintained in such case, one of the consequences contemplated by the statute is that the real estate may be sold, and the proceeds divided among the several owners. This, without doubt, cannot be done when real estate is owned in severalty; that is, when one person owns the north and another owns the south half of a forty-acre tract of land, or when a town lot is so owned. The fact that it may be difficult to ascertain the metes and bounds of the real estate owned by each owner is immaterial; and such fact does not authorize a partition of the real estate. These views are in accord with *McConnell v. Kibbe*, 43 Ill., 12, and *Clark v. Richardson*, 32 Iowa, 399.

AFFIRMED.