No. 15,289.

ANDERSON SCHOOL TOWNSHIP v. MILROY LODGE F. & A. M., No. 139.

PARTITION.—*Building Erected Under Agreement that One Person Should Own the Upper and Another the Lower Story.*—There can be no partition of a building as between the parties where it is built under an agreement to the effect that the first story and the ground should be owned by one of them and the second story by the other, with a right of egress and ingress over such ground for the owner of the upper story.

From the Rush Circuit Court.

*B. L. Smith* and *C. Cambern*, for appellant.

*W. A. Cullen, J. D. Megee, D. S. Morgan* and *D. Morris*, for appellee.

ELLIOTT, C. J.—The appellant alleges in its complaint that it is the owner of the real estate in controversy, and prays partition. The substance of the answer of the appellee is this: The appellee agreed with the appellant and another person to purchase the land in dispute and to erect a building thereon; that the first story of the building should be owned and used by the appellant, the second story by the third person referred to, and that the third story should be owned and used by the appellee; that the appellant should have the control of the ground subject to the appellee's right of ingress to and egress from its part of the building.

It seems very clear to us that the answer shows that the appellant has no right to partition. The erection of the building under the agreement vested the appellee with a right of access to its part of the structure, and of that right it can not be deprived. Partition can not be effected without destroying that right, and hence partition can not be decreed. But this is not the only reason why the appellant is not entitled to partition, for there is this additional reason, namely, each party owns its part of the building in severalty. As

each party owns its part of the property in severalty, it is legally impossible that partition can be awarded, for there is no community of interest. The case is against the appellant upon principle and authority. *McConnell* v. *Kibbe*, 43 Ill. 12; *Soutter* v. *Atwood*, 34 Maine, 153 (56 Am. Dec. 641); *Russell* v. *Beasley*, 72 Ala. 190; *Baldwin* v. *Humphrey*, 44 N. Y. 609; *Appeal of Latshaw*, 122 Pa. St. 142; Freeman Co-Tenancy and Partition, section 87; Knapp Partition, 39, 40.

The agreement as to the construction, ownership and use by the parties of different parts of the building is not made voidable by the statute of frauds. In support of this proposition it is sufficient to say that the agreement was fully performed and possession taken, although other reasons might be assigned for our conclusion.

The finding is well supported by the evidence.

Judgment affirmed.

Filed Dec. 19, 1891.