## W. W. STEVENSON *et al.*
### *v.*
### JOHN BACHRACH.

*Opinion filed November 8, 1897.*

1. PARTITION—*premises owned in severalty are not subject to partition under the statute.*  Premises belonging in severalty to two parties, and no portion thereof belonging jointly to both, are not subject to partition under the statute nor under any proceeding known in courts of equity. And this is true notwithstanding a single building covers both tracts.

2. DEEDS—*effect of deed where building covers two tracts of land owned in severalty.*  Where a building covers two tracts of land owned in severalty, a deed to one of the tracts passes, as incident thereto, only the particular portion of the building standing thereon, in the absence of evidence as to the nature of the arrangement between the original owners who erected the building.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This is a bill for partition, filed by appellee against the appellants, seeking partition of a house without asking for the partition of the land, upon which the house stands. Appellee owns the south half of lot 102 in James Allin's addition to Bloomington, except five feet off the east end thereof and five feet in width off of the south side thereof, the latter having been donated for an alley.  One T. F. Worrell, now deceased, was the owner of a tract of land 9.5 feet in width, lying adjacent to the north line of the above described premises, owned by appellee. Worrell died testate, and by his will devised said 9.5 feet to his widow, C. A. Worrell, for her life, and, upon her death, to his daughter, Ida Harwood Worrell, and one W. W. Stevenson. Ida Harwood Worrell married W. D. Rudy, and died, leaving her son, Worrell Harwood Rudy, the latter being a minor.  Said tract, 9.5 feet in width, is owned by W. W. Stevenson and W. H. Rudy, subject to the life estate of Mrs. C. A. Worrell; the interest of the minor Rudy being

also subject to the dower of his father. Some fifteen or twenty years ago Lucinda D. Luce, the wife of one Dr. Luce, owned said south half of lot 102, and one Hutchinson owned the south end of the north half of said lot 102. At this time Dr. Luce and Hutchinson erected a brick building, which is described by one of the witnesses as consisting of "a little brick and mortar and tin and such stuff." This building covered a strip of land, 9.5 feet wide, on the south end of the north half of lot 102, and also covered a strip, 10.6 feet wide, on the north end of the south half of lot 102. At this time Lucinda D. Luce owned in severalty said strip, which was 10.6 feet wide, and Hutchinson owned in severalty said strip, which was 9.5 feet wide. Lucinda D. Luce conveyed by warranty deed to one Maggie G. Alexander "the south half of lot 102 in James Allin's addition," etc. Thereafter Maggie Alexander and her husband, in consideration of $3000.00, conveyed by warranty deed to John Dawson the said "south half of lot 102," etc. On November 19, 1894, John Dawson and wife, in consideration of $3200.00 conveyed to the appellee, John Bachrach, "the south half of lot 102 in James Allin's addition to the city of Bloomington, except five feet in width off of the east end thereof and five feet in width off of the south end thereof." The title of Hutchinson to the south end of the north half of lot 102 became vested in T. F. Worrell. There appears in evidence a deed, dated May 14, 1887, executed by O. D. Dowley, administrator of the estate of Minerva Dowley, deceased, conveying to Thomas F. Worrell the following described real estate: "Commencing 48 feet south of the north-west corner of lot 102 of James Allin's addition, * * * running thence east 59.5 feet, thence south 9.5 feet, thence west 59.5 feet, thence north 9.5 feet to the place of beginning." The property thus conveyed by the last named deed has become vested by the will aforesaid in said Stevenson and the minor, Rudy, subject to the life estate and the dower as aforesaid.

At the time the bill in this case was filed, appellee owned in severalty, under the deed from said Dawson, the tract of land, 10.6 feet wide, on the north end of the south half of lot 102, and appellants owned the tract of land, 9.5 feet wide, on the south end of the north half of lot 102, which adjoined and was adjacent to said tract of land, 10.6 feet wide, as above described. It thus appears, that appellee owned in severalty his tract of land, 10.6 feet wide, and the appellants owned in severalty their tract of land, 9.5 feet wide. The building in question covered the tract of land of appellee, 10.6 feet wide, and extended over and covered the tract of land 9.5 feet wide, owned by appellants, so that the building covered the whole 20.1 feet.

The bill avers, that the building, which is a one-story brick building, was erected by virtue of a license, granted by former owners of the above described lands, and that the appellee and the appellants are the owners in common of said building. The bill, however, admits and states, that the land is owned by the appellee and the appellants in severalty. The answer denies, that there was any agreement in regard to the erection of the building, and denies that it is owned in common by the appellee and the appellants, but claims that it is owned in severalty; that is to say, that appellee owns that portion of the building situated on his land, and the appellants own that portion of the building, situated on their land. On April 16, 1894, a verbal lease of the premises was made to one Burkhardt at $15.00 per month. The rents paid by Burkhardt have been divided between appellee and appellants, $8.00 to the former and $7.00 to the latter.

The evidence does not show, that the house was erected by the former owners under any special agreement. It does not disclose the nature of the arrangement between the former owners, under which the building was constructed; but it clearly appears, that, if there was any arrangement, it was merely verbal, and not in writing.

The court below entertained the opinion, that the bill would lie for the partition of the house, irrespective of the land, and entered a decree in accordance with such opinion.  This appeal is prosecuted from such decree.

EWING & WIGHT, and F. Y. HAMILTON, for appellants.

LIVINGSTON & BACH, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

When this bill for partition was filed, the premises were owned in severalty in the proportions of 10.6 feet thereof by the appellee and of 9.5 feet thereof by the appellants.  It is a fact, and the appellee so admits in his testimony, that he only owns the land, 10.6 feet wide, described in his deed from Dawson, and that he only claims what is described in that deed and as it is therein described.  So far as the building is concerned, it must be held that that portion of the building, which rests upon the portion of the land owned by appellee, belongs in severalty to him, and that portion of the building, which rests upon the land belonging to appellants, belongs in severalty to them, in the absence of any testimony as to the nature of the arrangement between the original owners, who erected the building.  "The grant of a tract of land passes everything standing upon the land. * * *  A deed to land conveys the buildings thereon. Evidence of the intention of the grantor is inadmissible." (2 Devlin on Deeds, sec. 863).  By the delivery of the deed, which was executed by Dawson to appellee, the grantor therein conveyed to appellee, not only the land, but the portion of the building upon the land.  "*Cujus est solum, ejus est usque ad cœlum.*"  Lord Coke says, that the word, "land," in its legal signification, comprehends any ground, soil, or earth whatever, and it also has an indefinite extent upwards as well as downward; and that, therefore, it includes all castles, houses and other build-

ings standing thereon. (*Isham* v. *Morgan*, 9 Conn. 374.) It is also true, that, by the delivery to Worrell of the deed which conveyed to him his land, the portion of the building resting thereon passed with the land. But it cannot be said, that, by the deed which was executed to appellee and by the deed which was executed to Worrell, any building, or any portion of any building not standing upon the particular premises conveyed by these deeds respectively, passed thereby to the grantees therein. It follows, that appellee acquired no interest by his deed in the portion of the building which rested upon Worrell's land, and Worrell by his deed acquired no interest in the portion of the building which rested upon the land of appellee. The portions of the land, upon which the building stood, were not only owned in severalty by the parties, but the portions of the building, resting respectively upon the portions of the land owned in severalty, were also owned in severalty. We are unable to understand how it can be contended, under these facts, that the appellee and the appellants owned the building in common, or were tenants in common thereof.

In the case at bar, therefore, an attempt is made by the appellee, the complainant below, to accomplish the partition, by an involuntary proceeding, of property owned in severalty. This cannot be done under the Partition act of this State, and under the construction, which has been given by this court to that act. Section 1 of the Partition act provides, "that when land, tenements or hereditaments are held in joint tenancy, tenancy in common or co-parcenary, * * * any one or more of the persons interested therein may compel a partition thereof by bill in chancery," etc. (3 Starr & Cur. Stat.—2d ed.— p. 2912). In *McConnel* v. *Kibbe*, 43 Ill. 12, we held that an estate must be held jointly, in common, or in co-parcenary, in order to be the subject of partition under our statute; and that premises, belonging in severalty to two, and no portion thereof belonging jointly to both, are not

subject to partition under our statute, or under any proceeding known in courts of equity.

We are, therefore, of the opinion, that such a bill for partition, as has been filed in this case, will not lie, and that the court below erred in entering the decree for partition. Accordingly, the decree of the circuit court is reversed, and the cause is remanded to that court with directions to dismiss the bill.

*Reversed and remanded.*