GRAND CENTRAL MARKET CORP. v. JEWISH
CHILDREN'S HOME.

1. PARTITION—LANDLORD AND TENANT—BUILDING ERECTED ALSO ON ADJOINING LAND NOT OWNED BY LANDLORD.

Where plaintiff's assignor leased from defendant vacant property under 5-year lease with right of renewal for like period, agreed to erect a building thereon costing at least $5,000 and stipulated that all buildings and improvements passed to landlord upon termination of lease, and building costing considerably more than $5,000 was erected on leased land and adjoining property, where lessor made no claim to the adjoining property at termination of lease, lessee's bill for partition would not lie; nor was lessee entitled to equitable relief on theory of unjust enrichment.

2. EQUITY—ADEQUATE REMEDY AT LAW—LANDLORD'S INTERFERENCE WITH RELATIONS BETWEEN TENANTS AND SUBTENANTS.

Allegations of bill of complaint in suit for partition setting forth that members of board of directors of defendant eleemosynary corporation stirred up strife between plaintiff and various subtenants of premises it leased from defendant did not afford ground for equitable relief since plaintiff had an adequate remedy at law therefor.

3. SAME—MOTION TO DISMISS—PARTITION—ACCOUNTING—LANDLORD AND TENANT.

Where bill of complaint against landlord seeking partition and accounting failed to state a cause for equitable relief even when every inference be indulged in favor of plaintiff, bill was properly dismissed (3 Comp. Laws 1929, § 14995).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 5, 1944. (Docket No. 61, Calendar No. 42,828.) Decided January 2, 1945.

Bill by Grand Central Market Corporation, a Michigan corporation, against Jewish Children's Home, a Michigan eleemosynary corporation, for partition of real estate and accounting for rents.

Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Earl D. Leader,* for plaintiff.

*Irwin I. Cohn (John Sklar,* of counsel), for defendant.

BUSHNELL, J. This is an appeal by plaintiff, Grand Central Market Corporation, a Michigan corporation, lessee of defendant, Jewish Children's Home, a Michigan eleemosynary corporation, from an order dismissing its bill of complaint in which it sought a partition of certain lands and an accounting of rents collected by the defendant. The trial judge did not state any reason for granting defendant's motion to dismiss, but it was presumably on the ground that plaintiff's bill did not state a cause for equitable relief.

On January 9, 1934, defendant, as lessor, executed a lease on premises described as follows: "The east 10:50–½ chains of the north 3.82 chains of the north-east ¼ of section 13, 10,000-acre tract, T. 1, S. R. 11 E. Detroit, Wayne county, Michigan, according to the plat taken from Wm. C. Sauers Atlas for year 1904, Plate 7, excepting those portions taken for the widening of Davison and Linwood avenues, and that portion of the corner sold to Joseph Wetsman et al., and alley dedicated for public and private use, which are not included in the land covered by this lease," to Michael F. Chernick as lessee, with the understanding in the lease that it might be assigned to a corporation to be organized by Chernick. The lease was for a period of 5 years at an agreed rental per month, with the option of renewal by the lessee for an additional 5 years. The property involved was vacant land with a frontage

on Davison avenue of 450.33 feet. The land was unimproved, lacking even the necessary public utilities. It was understood by the parties that the lessee would erect a market building—"costing not less than $5,000 on the said premises, at his own cost and expense, on or before May 1, 1934, and install all necessary improvements for the utilization of the said premises."

The lease also provided that at its expiration the tenant would "surrender up possession of the said premises together with all improvements and buildings erected on the premises, which shall remain the property of the said landlord. It is hereby understood that any buildings or improvements placed upon the said land shall become and be part of the realty."

Defendant landlord agreed to carry sufficient fire insurance to cover the cost of reconstruction of the building or buildings erected on the premises. The lessee assumed no responsibility for taxes, and these were paid by the lessor.

The lessee erected a market building costing considerably more than $5,000, which not only covered the entire frontage of the leased land but extended 21.17 feet over the westerly boundary thereof onto land in which plaintiff claimed to have afterwards acquired a land contract vendee's interest from other parties. After completion of the building, plaintiff rented out market space therein to subtenants, collected the rentals thereon, and retained possession of the premises and improvements for the full term of the lease and for the renewal period thereof. At the expiration of the renewal term, plaintiff refused to surrender possession, filed a bill of complaint, and obtained an order enjoining defendant from taking possession of the premises or selling, encumbering or leasing the same. The bill

was founded on the theory of unjust enrichment in that the defendant, at the expiration of the lease, would obtain a building worth many times the sum plaintiff was required to expend under the terms of the lease, and that defendant had received rentals on a building, part of which was not upon defendant's land.

Plaintiff insisted that it was entitled to a partition of the property, although defendant denied any interest in the 21.17 feet lying beyond the westerly boundary of the leased premises. Plaintiff also charged that members of defendant's board of directors stirred up strife between plaintiff and its various subtenants so as to jeopardize plaintiff's entire investment, and as a consequence, caused the loss of large sums of moneys to the plaintiff.

Plaintiff's bill on its face, and the language of the lease attached thereto as an exhibit, show clearly that plaintiff was only required to erect a building costing a minimum of $5,000, and that, at the expiration of the leasehold, whatever improvements had been made upon the premises became the property of defendant landlord. If plaintiff erected a part of the building upon premises not covered by the lease and not belonging to defendant, a bill for partition will not lie regarding land in which the defendant disclaims any right, title or interest. If plaintiff has any claim against defendant arising out of the allegations of interference between it and the subtenants, plaintiff has an adequate remedy at law.

The bill and lease cannot support a decree in favor of plaintiff, *Shaw* v. *August,* 266 Mich. 634, and 3 Comp. Law 1929, § 14995 (Stat. Ann. § 27.2012). Plaintiff's bill does not state a cause for equitable relief, *Hofweber* v. *Detroit Trust Co.,* 295 Mich. 96, notwithstanding the rule that, upon

demurrer, every inference must be indulged in favor of the pleader and against the demurrant, *Dodge v. Blood,* 299 Mich. 364, 378 (138 A. L. R. 322).

The order granting defendant's motion to dismiss is affirmed, with costs to appellee.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.