LASSWELL v. McNUTT.

No. 31781. June 19, 1945.

*159 P. 2d 739.*

C. E. B. Cutler, of Okmulgee, for plaintiff in error.

C. B. McCrory, of Okmulgee, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Okmulgee county. It was instituted in that court by J. P. McNutt, as plaintiff, against S. R. Lasswell, as defendant. Plaintiff sought to cancel a resale tax deed issued to the defendant, to quiet his own title, and to restrain defendant from interfering with plaintiff's removal of certain improvements and personal property (oil field equipment) located on the premises.

In his petition as amended plaintiff asserted that he was the owner of lots

2, 3, 4, and 5 of block 21 of the town of Morris, Okla., and was in possession of the property.

Plaintiff derived his title to the above described lots by warranty deed from M. Wilson and Amanda Wilson in September of 1915. When plaintiff acquired the property the same was improved, that is, there was a house and barn located mostly on lot 1 but extending over onto lot 2. The house extended onto lot 2 about six feet and the barn extended onto lot 2 about 15 feet.

Throughout the years preceding the tax sale in May of 1941, plaintiff rendered his property for assessment to the county assessor of Okmulgee county. He listed lot 1 in block 21 as improved property, but listed lots 2, 3, 4, and 5 as vacant, unimproved property. He then paid his taxes on lot 1, but neglected and failed to pay the taxes on lots 2, 3, 4, and 5.

In May of 1941 lots 2, 3, 4, and 5, above described, were offered for sale at resale and were sold to the defendant, S. R. Lasswell, as unimproved property.

The main controversy in this case centers around lot 2 by reason of the fact that the improvements on lot 1 extend over onto lot 2 as above set forth. Also, the major part of the oil field equipment was located on lot 2, and for these reasons this opinion will be clarified if we discuss the legal problems pertaining only to said lot 2.

In the trial of this cause the trial court held that the defendant's tax title was good and valid and that the plaintiff had rendered lots 2, 3, 4, and 5 as vacant, unimproved property, and was therefore estopped from asserting, as against defendant's title, that lot 2 should have been sold as improved property pursuant to the provisions of 68 O. S. 1941 § 432d, which requires that improved property shall be sold for two-thirds of the assessed value or for the total amount of all taxes, penalties, interest, and costs due on such property. The total amount of the taxes, etc., on lot 2, as advertised, was $27.86; the assessed value of said lot was $20; the defendant purchased the same for $10.

In deciding this case the trial court granted plaintiff time to remove his improvements from lot 2 and also granted him time to remove from lot 2 certain items of personal property described generally as "oil field junk."

The defendant, S. R. Lasswell, as plaintiff in error before this court, complains of the last-mentioned portion of the trial court's judgment. The defendant in error has not filed a cross-appeal and the decision of the trial court on the question of the validity of the tax deed has become final.

The question to be decided is whether the trial court erred in permitting the defendant in error to remove the extended parts of the house and barn and the oil field junk from lot 2.

This action, being one to quiet title and for injunctive relief, is of equitable cognizance, and the rules in equity cases apply. Cloud v. Young, 103 Okla. 65, 229 P. 604; Harper v. James, 82 Okla. 186, 199 P. 209.

The judgment of the trial court inferred that the defendant in error was acting in good faith in having lot 2 assessed as vacant, unimproved property, and that defendant in error was not aware of the fact that the house and barn extended onto lot 2 at the time the assessments were made. Defendant in error had assessed lot 1 as improved property since his ownership thereof and had paid all of the taxes due thereon. It appears that the judgment of the trial court gave plaintiff in error all he was entitled to recover in equity. Plaintiff in error purchased the lot as vacant, unimproved property, and after the removal of the improvements he will still have his vacant, unimproved property. Plaintiff in error could not have purchased the property for the amount of his bid had the same been improved. We are of the opinion that all of the equities on this phase of the case are in favor of defendant in error.

We are of the same opinion as to the removal of the personal property. The court had jurisdiction to so rule for the reason that in a case of equitable cognizance, the trial court has full power to administer complete relief on all questions properly presented by the pleadings and the evidence. De Moss v. Rule, 194 Okla. 440, 152 P. 2d 594.

Plaintiff in error also contends that the court erred in permitting defendant in error, who was not a surveyor, to testify as to the number of feet which the house and barn extended onto lot 2. It is unnecessary for us to discuss this assignment of error, for the reason that if such was error, it was entirely harmless, for, if the improvements did not extend onto lot 2, which the plaintiff in error asserts "competent evidence fails to establish," the plaintiff in error could not be injured by that part of the judgment authorizing the removal.

The judgment of the trial court is in all things correct under the facts and circumstances of the case.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.