NORTH v. COFFEY.

No. 32732. March 16, 1948.

*191 P. 2d 220.*

H. W. Carver and David M. Cook, both of Wewoka, for plaintiff in error.

Allen G. Nichols and A. C. Kidd, both of Wewoka, for defendant in error.

LUTTRELL, J. This is an action for the partition of real property, brought by plaintiff, A. V. Coffey, against defendant, S. N. North. The case was tried to the court as one of equitable cognizance without a jury, and the trial court decreed partition and appointed commissioners. Defendant appeals.

The property is described as lots 23 and 24, block 12, of Campbell's addition to the city of Wewoka. Each of the two lots is 25 feet in width and upon them, sometime during the year 1928, the owner erected a seven-room one story frame dwelling house, which rested upon brick and concrete foundations. About two-thirds of this house was upon lot 24 and one-third upon lot 23. The lots appear to have been separately assessed for taxation, and lot 23 was purchased by defendant at the 1945 resale. At the same resale plaintiff purchased lot 24. Plaintiff set up these facts in his petition, alleged that certain persons, also made parties defendant in the action, were in possession and were not paying any rent; that the property was being mismanaged and the value thereof diminishing; that there was an irreconcilable difference between plaintiff and defendant as to the handling of the property and the collection of rents; that the property was not susceptible of division in kind and should be sold. Defendant demurred to plaintiff's petition on the ground that the facts stated therein did not give the court jurisdiction to partition lot 23, and upon his demurrer being overruled, answered, stating that he was the owner of lot 23 and that portion of the house located on said lot, and that the property was not subject to partition for the reason that the ownership of the parties was entirely separate.

The trial court found that the residence on the property was a part of each and both of said lots; that therefore the two lots and said improvements constituted one piece of real estate, and that same was subject to partition. It adjudged that plaintiff and defendant each owned one-half of the two lots involved, and that each, upon partition, should receive "a fair, equitable, and pro rata share and distribution thereof, to be determined by the commissioners and approved by the court, same to be determined by ascertaining what portion or percentage of said house is on the lot owned by the two respective parties, and as to the commissioners seems just."

The sole question presented for determination is whether, under the facts above stated, the property is subject to partition by a judicial proceeding. Defendant contends that it is not for the reason that there is no joint ownership of the property, defendant owning lot 23 and that part of the house upon it, and plaintiff owning lot 24 and that part of the house upon it. Plaintiff contends that while the two

lots are separately owned, the house, which is real estate because attached to the lots, is undivided and not separated in any way along the property line dividing the two lots, and therefore is not owned in severalty by the two parties, and that it follows logically that the construction of such a building on two or more city lots has the effect of creating one piece of realty. Plaintiff further alleges that when he and defendant bought at resale they bought and acquired the same ownership that the former single owner of both lots had and owned. That together they stepped into the shoes of the former owner; that the property was not divided or separated up until the time they acquired it and is not separate now, but that both parties must and did take the property as it was.

We are unable to agree with the contentions made by plaintiff, and think that made by the defendant must be sustained. This for the reason that when the parties acquired the property at resale they did not step into the shoes of the former owner, or acquire his title, or take the land subject to any burdens placed upon it by him. The resale tax deed created a new or virgin title. Taylor v. Lawrence, 176 Okla. 75, 54 P. 2d 634; Cook v. Hammett, 192 Okla. 298, 135 P. 2d 962. The resale tax deeds vested in plaintiff fee-simple title to lot 24, and in defendant fee-simple title to lot 23. This fee-simple title vested in the owner of each lot the right to the surface of said lot and to everything permanently situated beneath or above it. 60 O.S. 1941 §64. The fact that the house was not divided along the property line between the two lots by any partition wall or division line of any kind did not destroy the separate ownership of each lot owner in that portion of the house situated upon his lot. The same argument might be made in relation to the two lots since there was no visible line between them. The fact of such ownership by the parties of the respective portions of the house located upon their lots was recognized by the trial court in that portion of his decree above quoted.

As pointed out in Pomeroy's Equity Jurisprudence (4th Ed.) vol. 5, §§2124, 2125, at common law the writ of partition lay only in cases of lands held in coparcency. It was extended by statute to joint tenancy and tenancy in common, but even as so extended the remedy was imperfect, in that it made no allowance for the fact that one cotenant might have erected valuable improvements on the land or expended large sums of money thereon, and that it made no provision for cases where the undivided interests were incapable of exact apportionment. The equitable jurisdiction at first was invoked only in situations where the legal remedy was inadequate, but owing to the advantage possessed by courts of equity over the common law courts in their freedom from restraint and power to deal with the various situations involved, the jurisdiction of equity became almost exclusive. In the same work (section 2125) the author states that all of the states in this country have provided a statutory remedy for partition which in substance are enactments of both the common law and equitable remedies, and partake of the nature of both.

Our statute was adopted from Kansas (Hargis v. Hargis, 181 Okla. 377, 73 P. 2d 1129; and as construed by the Kansas courts it conferred jurisdiction upon the courts in the partition of estates only when there was cotenancy between the parties. Love v. Blauw (Kan.) 59 P. 1059, 48 L.R.A. 257, 78 Am. St. Rep. 334; Bartram v. Kemp (Kan.) 214 P. 96. The statute is procedural only, and was intended to apply to situations to which partition would be applied under the common law and equitable rules existing prior to its adoption.

Partition under the modern practice, combining both the equitable and common law remedies, is defined as follows:

". . . a division between two or more persons of real or personal property which they own as coparceners, joint tenants, or tenants in common, effected by the setting apart of such interests so that they may enjoy and possess the same in severalty, . . ." 47 C.J. p. 266, §1; 40 Am. Jur. p. 4, §2; Sweeney v. Bay State Oil & Gas Co., 192 Okla. 28, 133 P. 2d 538.

Under this modern doctrine it is applicable only to cases in which the property is held in cotenancy.

As said in 47 C.J. 295, paragraph 73:

"Partition can be had only of property which is held in cotenancy, and there can be no judgment or decree for partition where the parties to the proceeding are neither coparceners, joint tenants, nor tenants in common. Plaintiff in the proceeding must fail, no matter what his interest in the property may be, if that interest is not the interest of a cotenant."

The statement so made is supported by a vast number of authorities.

Obviously, then, unless the fact that prior to the tax sale the house had been constructed partially upon each lot destroyed the separability of the lots, so that there could be no separate ownership, plaintiff's contention must fail. In all the cases we have been able to find it is held that the fact that the building is upon both lots does not prevent separate ownership.

Defendant has cited several cases in which situations somewhat similar to that in the case at bar existed, in each of which the courts of the respective states in which the actions were brought denied partition. Among these cases may be noted McConnel v. Kibbe, 43 Ill. 12, 92 Am. Dec. 93; Stevenson v. Bachrach (Ill.) 48 N.E. 327, and Kehde v. Vaudeville Theatre Co. (Mo.) 252 S.W. 969. These and other similar cases are cited and analyzed in a note in 28 A.L.R., beginning on page 732. In each of them the courts held that ownership in severalty of the land extended to the portion of the buildings on the separately owned parts of the land, and that by reason of such separate ownership the parties were not entitled to partition. This for the reason that partition could be had only of property held in cotenancy.

Thus in Stephenson v. Bachrach, supra, a one story brick building covered lots owned in severalty by both plaintiff and defendant, and it was sought to partition the building. The lower court decreed that the building could be partitioned irrespective of the ownership of the land. In disposing of the question and holding that partition would not lie, the Supreme Court of Illinois said:

"The portions of the land upon which the building stood were not only owned in severalty by the parties, but the portions of the building resting respectively upon the portions of the land owned in severalty were also owned in severalty. We are unable to understand how it can be contended, under these facts, that the appellee and the appellants owned the building in common, or were tenants in common thereof. In the case at bar, therefore, an attempt is made by the appellee, the complainant below, to accomplish the partition, by an involuntary proceeding, of property owned in severalty. This cannot be done under the partition act of this state, and under the construction which has been given by this court to that act. Section 1 of the partition act provides 'that when land, tenements or hereditaments are held in joint tenancy, tenancy in common or coparcenary, . . . any one or more of the persons interested therein may compel a partition thereof by bill in chancery,' etc. 3 Starr & C. Ann. St. (2d Ed.) p. 2912. In McConnel v. Kibbe, 43 Ill. 12, we held that an estate must be held jointly, in common, or in coparcenary, in order to be the subject of partition under our statute, and that premises belonging in severalty to two, and no portion thereof belonging jointly to both, are not subject to partition under our statute, or under any proceeding known in courts of equity."

In McConnel v. Kibbe, supra, where a similar situation existed, the Supreme Court of Illinois, in holding that it had no jurisdiction, said:

"We are satisfied neither a court of law nor equity has jurisdiction over the case as presented by these pleadings, and accord with appellee in the proposition that no power exists to compel the fusion of these estates, to be followed by a sale and finally by a distribution of the proceeds. The idea of the plaintiff in error, that he and the defendant in error hold this property jointly, is not supported by the title deeds. They are neither joint tenants, tenants in common, nor coparceners, but they severally, each for himself, own distinct parts and portions of the premises, the character of which a court of chancery has no power to change."

The latest case we have found on the subject is Grand Central Market Corp. v. Jewish Children's Home (Mich. 1945) 17 N.W. 2d 237. In that case a building covered portions of two lots, one of which was owned by the defendant, and in the other of which it had no interest, the plaintiff having an interest in the other lot, but no interest in the lot owned by defendant. The Supreme Court of Michigan held that partition would not lie under those conditions. Plaintiff cites no case holding contrary to the above authorities, and we have been unable to find any so holding.

Plaintiff in his brief points out statements in Pomeroy's Equity Jurisprudence, under the maxim that "equity will not suffer a wrong without a remedy", to the effect that equitable doctrines will be expanded to meet novel conditions of right or obligation which are constantly arising, and are capable of expanding so as always to meet the wants of progressive civilization. But in the same work, Pomeroy's Equity Jurisprudence (4th Ed.) vol. 5, §2126, the author, dealing specifically with the remedy of partition, states the equitable doctrine as follows:

"Following the analogies of the law, equity will grant partition only of property held in cotenancy and in which the parties have a community of interest, either as cotenants, tenants in common, or coparceners; and this rule has not been materially affected by the statutory remedy of partition provided in all the states. Several persons may be owners of the same property without being cotenants, and the severance of their interests may be desirable or even essential to the enjoyment of such property, but this constitutes no ground for equitable interference by way of partition. If the requisite of cotenancy be present, all kinds of property are subject in equity to partition, whether it be corporeal or incorporeal, real or personal, and whether it be held by legal or equitable title."

To the same effect is Thompson on Real Property (Permanent Ed.) vol. 4, §1984.

Plaintiff also calls attention to Lasswell v. McNutt, 195 Okla. 548, 159 P. 2d 739, as illustrating the adaptability of equitable remedies to peculiar fact situations in which the law would grant no relief. In that case partition was not involved, but the action was brought to quiet title and cancel a resale tax deed. The plaintiff, McNutt, was the owner of certain lots in the town of Morris. On lot 1 he has built a house and barn which extended over onto lot 2. This fact was not known to him. He listed lot 1 as improved property but listed lot 2 as vacant, and lot 2 was sold at tax sale as a vacant lot, and as such was purchased by the defendant, Lasswell. The trial court held that the defendant's tax deed was good, but granted the plaintiff time to remove his improvements from lot 2, and this court held that such action was not error for the reason that defendant, Lasswell, had purchased lot 2 as vacant and unimproved property, which it would be after plaintiff removed his improvements. In that case it appeared that plaintiff was in good faith and actually was unaware that his improvements extended over onto lot 2. We held that in such case the relief granted was equitable and that the trial court, in such case, had power to grant complete relief. We can perceive no analogy between that case and the case at bar.

The trial court should have sustained the defendant's motion at the close of all the evidence to dismiss the cause at the cost of plaintiff.

Reversed, with directions to dismiss the cause at the cost of plaintiff.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur. RILEY and CORN, JJ., dissent.