SECOND REALTY CORPORATION, t/a
Center Market City, Appellant,

v.

Clement B. KROGMANN and Emilia
DiStasio, Appellees.

No. 12967.

United States Court of Appeals
District of Columbia Circuit.

Argued March 23, 1956.

Decided April 20, 1956.

Mr. Mark P. Friedlander, Washington, D. C., for appellant. Mr. Edward Aaronson, Washington, D. C., also entered an appearance for appellant.

Mr. Herman Miller, Washington, D. C., for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Second Realty Corporation filed a complaint in the District Court for partition and sale of real estate located in the District of Columbia. It appeals from an order of the District Court granting the defendants' motion for summary judgment.

The premises involved consist of part of a lot and a market building constructed thereon. By far the greater part of this property is held by the appellant Corporation. The only exceptions to its possession—and possibly its title—are two market stalls situated inside the building and presently held severally by appellees Krogmann and DiStasio. These stalls are relatively small, the larger one covering an area of about 153 square feet, and they are held separately under instruments purporting to be leases. The original leases were executed in 1875 and have remained substantially as they were then written. Both are for terms of 99 years, renewable forever. In both leases the lessees covenanted to pay rent monthly or in monthly installments over the full term, to use the stalls only for trading in specified commodities, to make no assignment or transfer of their interests and no alterations in the stalls without first obtaining the consent of the lessor, and to observe rules promulgated by the lessor for government of the market. All covenants were made express conditions for continued possession of the stalls.

While appellant is now the "lessor" of both stalls it does not rest its claim to partition on that ground. Indeed only under most unusual circumstances, if at all, would partition be available to a lessor as a means of ejecting a lessee. Appellant urges that the leases really created base or determinable fees. It then argues that, since it now owns most of the building and an area completely surrounding the two stalls, it is entitled to partition of the whole property by sale. Although the first stage of this argument has some force [1] we think it is unnecessary to decide whether the leases created determinable fees or whether it is essential to appellant's claim for partition that the stall holders have a fee interest. We assume *arguendo* that all parties hold fee title to their respective parcels. The problem is whether they also have a sufficient community of interest in the whole property to permit partition.

The statute relating to partition of lands in the District of Columbia [2] reads in pertinent part as follows:

"The equity court may decree a partition of any lands, tenements, or hereditaments on the bill or petition of any tenant in common, claiming by descent or purchase, or of any joint tenant or coparcener; or if it appear that said lands, tenements, or hereditaments can not be divided, without loss or injury to the parties interested, the court may decree a sale thereof and a division of the money arising from such sale among the parties, according to their respective rights; * * *."

It is clear this provision recognizes two distinct remedies: partition in kind and partition through sale and division of the proceeds. But it is equally clear a

---

1. The District Court, relying on Maryland law, held that the stall holders had only leasehold interests. See, e. g., Jones v. Magruder, 42 F.Supp. 193 (D.Md.1941); also Chesnut, The Effect of Quia Emptores on Pennsylvania and Maryland Ground Rents, 91 U.Pa.L.Rev. 137 (1942). Other jurisdictions have treated perpetual leases as creating, at least for some purposes, base or determinable fees. Piper v. Town of Meredith, 83 N.H. 107, 139 A. 294, 55 A.L.R. 148 (1927); Connecticut S.C.M. Ass'n v. Town of East Lyme, 54 Conn. 152, 5 A. 849 (1886); Penick v. Atkinson, 139 Ga. 649, 77 S.E. 1055, 46 L.R.A.,N.S., 284 (1913); but see Rawson v. Brown, 104 Ohio St. 537, 136 N.E. 209 (1922). See also J. W. Perry Co. v. Norfolk, 220 U.S. 472, 31 S.Ct. 465, 55 L.Ed. 548 (1911). In the case at bar the substantial conditions in each lease may be adverse to the claim that a fee was created.

2. 31 Stat. 1203 (1901), D.C.Code 1951, § 16–1301.

person entitled to either remedy must be a tenant in common of the property, a joint tenant, or a coparcener. Appellant does not claim to be a joint tenant, and of course it is not a coparcener. Its right to relief thus depends upon whether it and the stall holders are tenants in common of the lot and market building.

■ There can be no dispute about the meaning of the term "tenant in common". The essential characteristic of such a tenancy is unity of possession. Unity of possession exists where each tenant is entitled to possess the whole property and every part of the whole concurrently with every other tenant. Conversely, where each is entitled to possess only a definite and limited part of the property, less than the whole, and to exclude the others from his part, there is no unity of possession and no tenancy in common.

■ Tested by these criteria the property in the case at bar is not property held in common. In its complaint appellant alleged it was in actual or constructive possession of all the property except the area covered by the two stalls. It made no claim to possession of either stall; indeed no such claim was possible. So long as the stall holders observe the conditions of their leases, they have a right to occupy and possess the stalls as against appellant and all the world. The limits of the stalls mark precisely the limits of possession. The parties know exactly what portions of the property they are entitled to, and they have occupied those portions accordingly.

The only complicating feature of the case is the community of interest that arises because all the holdings are situated within a single structure. Both appellant and the stall holders share more than a practical interest in the entrances and exits of the building, in certain aisles and passageways, and in the roof, walls and foundation. But such interests, while common, do not constitute a tenancy in common, for they are not incident to a unity of possession but only to the structural unity of the building. To the stall holders they are in the nature of easements, if the basic grants be considered fees, or implied conditions in the leases, if the basic documents be deemed leases. Similar interests probably exist whenever separate parts of a building are held by different owners, but they do not make the separate owners tenants in common. A building may be divided in many ways. Different persons may own separate floors in the same building;[3] owners of connected buildings may enjoy common use of the same hallways, stairs, skylight, or other facilities;[4] or owners of separate lots may hold separate portions of an undivided building situated partly on one lot and partly on another.[5] Yet in none of these situations are the separate owners tenants in common.[6] In each instance there has been a perfect legal division notwithstanding the unity of the structure itself. In the present case the lot and market building were legally divided many years ago. Appellant owns most of the land and building; appellees, we assume, own the small area covered by their stalls. Appellant has no present right to possess either of the stalls, and the stall holders have no present right to possess the area surrounding their stalls. The parties share the benefits of the same

3. See Townes v. Cox, 162 Tenn. 624, 39 S.W.2d 749 (1931); Esther Temple of the Mysterious Ten v. Shelby Tabernacle, 124 S.W. 304 (Ky.1910); Anderson School Township v. Milroy Lodge Free & Accepted Masons, No. 139, 130 Ind. 108, 29 N.E. 411, 30 Am.St.Rep. 206 (1891); McConnel v. Kibbe, 43 Ill. 12, 92 Am.Dec. 93 (1867).

4. See Barr v. Lamaster, 48 Neb. 114, 66 N.W. 1110, 32 L.R.A. 451 (1896).

5. See North v. Coffey, 200 Okl. 44, 191 P.2d 220 (1948); Grand Central Market Corp. v. Jewish Children's Home, 310 Mich. 421, 17 N.W.2d 237 (1945); Kehde v. Vaudeville Theatre Co., 299 Mo. 540, 252 S.W. 969 (1923); Stevenson v. Bachrach, 170 Ill. 253, 48 N.E. 327 (1897).

6. Cases cited notes 3, 4 and 5 supra. See also Johnson v. Moser, 72 Iowa 523, 34 N.W. 314 (1887). Cf. Lasyone v. Emerson, 220 La. 951, 57 So.2d 906 (1952).

structure, but they are not tenants in common.

Since appellant is not a tenant in common of the lot and market building, it is not entitled to partition. The record before us discloses no genuine issue of material fact, and appellant has suggested no line of proof sufficient to sustain its claim to relief. The judgment of the District Court will therefore be

Affirmed.