May Term,
1848.

KITCHEN
v.
SHEETS.

KITCHEN and Others *v.* SHEETS.

Division cannot be made of two tracts of land by means of one suit, unless the two tracts are each owned by the same persons.

Commissioners appointed to make partition cannot divide the land into town lots, and give a part thereof to the public for streets, without the defendant's consent.

*Wednesday,*
*July 6.*

ERROR to the *Jefferson* Probate Court.

BLACKFORD, J.—This was a petition filed by *John Sheets,* for a partition of two certain tracts of land situate in *Jefferson* county. The defendants were *Edward Kitchen, John Evans, Nelson Lodge, Joseph G. Marshall, James M. Beckwith, John M. Irvin, William J. McClure,* and the *State Bank of Indiana.* The petition was taken as confessed, and commissioners were appointed to make partition. A partition of both tracts was reported by the commissioners, and the report confirmed by the Court.

The petition states that *Sheets* is tenant in common of one of the tracts of land with *William J. McClure, James M. Beckwith, John M. Irvin,* and the *State Bank of Indiana.* It also states that *Sheets* is tenant in common of the other tract with the last named persons, together with *Edward Kitchen* and *John Evans.* Therefore, according to the petition, the petitioner is tenant in common of one of the tracts with four persons, and he is tenant in common of the other tract with six persons. That circumstance shows, we think, that the decree dividing both the tracts is erroneous.

A person may have a division of two tracts of land by means of one suit, if the owners of both tracts are the same. But it is otherwise, where the two tracts are not owned by the same persons.

There is another objection to the decree. The report of the commissioners states, that, as the lands adjoined the city of *Madison,* and were suitable for town lots, they had laid off the lands into town lots, with various streets and alleys, as shown by a plat annexed to the report. The plat designates the lots, and also several streets and alleys running through the lands in different directions.

Some of the streets are fifty-nine feet and others sixty feet wide. The alleys are from ten to fourteen feet wide. It thus appears, that a considerable part of the lands, which were to have been divided, have been given, by the decree, to the public, for streets and alleys.

The section of the statute respecting the partition of lands, under which the partition in this case was made, is as follows: "The said Courts are hereby empowered to cause partition to be made, by setting off the share or shares of those who desire the same to be done, whether petitioners or defendants, and the residue of the premises shall remain for the person or persons entitled thereto, subject to a future partition among them, if there be more than one person so entitled." R. S. 1843, p. 812, s. 116.

It is plain that the Court, acting under this section of the statute, committed an error in making a decree which gives a part of the lands in question to the public for highways, without the defendants' consent.

By a subsequent section of the statute, the Court may, under certain circumstances, order the lands or a part of them to be sold, but that provision has no application to this case.

*Per Curiam.* — The decree is reversed, with costs. Cause remanded, &c.

*M. G. Bright*, for the plaintiffs.