Filed Jan. 15, 1895.

———————◆———————

No 17,160.

SCHOOL CORPORATION OF THE TOWN OF RUSSELVILLE *v.* RUSSELVILLE LODGE, NO. 141, OF FREE AND ACCEPTED MASONS.

PARTITION.—*Can Only Be Had by Joint Tenants or Tenants in Common. —Case Stated.—Owners of Distinct Parts of Building.*—Where a partition sale is sought of a building on the basis that the defendant owns the south rooms of the third story, with the right to ingress and egress, and the plaintiff owns the remainder of said building, and that the plaintiff wishes to terminate its use of the building (a school house) on account of its deteriorated and dangerous condi-

School Corporation of Russelville *v.* Lodge, No. 141, of F. and A. M.

tion and its incapacity for school purposes, partition or partition sale can not be had where the complaint does not disclose what the respective interests held by the parties are, as partition can only be granted where the parties hold as joint tenants or as tenants in common.

SAME.— *Complaint, Sufficiency of.*—That the complaint does not state facts sufficient to make a case in partition, see opinion.

From the Putnam Circuit Court.

*P. O. Colliver* and *J. H. James,* for appellant.
*S. A. Hays,* for appellee.

McCABE, C. J.—The Circuit Court sustained a demurrer to the appellant's complaint for want of sufficient facts, and appellant refusing to plead over, appellee had judgment upon the demurrer. The assignment of error calls in question that ruling only.

The material facts alleged in the complaint are that appellant and appellee are the owners of a part of the northwest quarter of section 5, township 16 north, range 5 west, in Putnam county, described as follows, to wit: Beginning 195 feet and 9 inches direct west of the northwest corner of lot No. 29 in the original plat of the town of Russelville, in said county; thence south 13 poles; thence west 15 poles; thence north 4 poles and 21 links; thence west 4 poles; thence north 7 poles and 15 links; thence east to the place of beginning, on which said real estate there is situated a large three-story brick building; that appellee is the owner of the south rooms of the third story of said building, with the right of ingress to and egress from appellee's said part of said building; that appellant is the owner of the remainder of said building; that since appellant's ownership of her said interest in said real estate and building the same has been used and occupied by appellant in conducting and maintaining a common school for the use, benefit, and advantage of the pupils of school age

within appellant's jurisdiction; that said building is old, of inferior and improper construction, the walls in said building are cracked inside and out from top to bottom, bricks that were laid in the walls of said building have fallen out, brick laid in the walls of said building are loose and in danger of falling out, the roof is old, given out and leaky; said building is unhealthful, unfit, unsuitable, unsafe and hazardous for school purposes; that it is no longer large enough to accommodate the pupils within the corporate limits of said town who are entitled to the benefits and privileges of said school; that said building can not be remodeled and repaired so as to make the same safe, healthful and sufficiently commodious to accommodate the pupils of school age within appellant's jurisdiction; that appellant has, for the reasons aforesaid, condemned said building; that it has become, and is, necessary, for the reasons aforesaid, to build a new and more commodious and suitable building for the use and occupancy of the pupils and employes of said school corporation. That appellant by her trustees and the school corporation of Russel, in said county, by its trustees, have entered into a written contract to build and maintain a joint graded school building for said school town and said school township of Russel, to be located, erected and maintained on other and different lands from those above described; that said building is in size 40 x 60 feet, three stories high; that the walls of said building are brick and stone; there are about 450,000 brick in said walls; that said building can be taken down and the brick and stone can be used in the construction of a new building; that the brick in said walls are worth, for such use, at least $1,000; that the stone and other material in said building, or a part thereof, can be used in the construction of a new building, and would be of great value for such use and purpose; that appellant's said interest

in said building is useless and worthless to appellant in its present aforesaid condition; that appellant can not sell or dispose of said interest, or tear down and utilize the same on account of and by reason of appellee's interest therein; that the appellee declines to sell her interest in said building, and refuses to join with appellant to make a sale or dispose of the same; that appellant is in need of the moneys and proceeds to be derived from the sale of said real estate and building and the material therein; that said real estate and building can be sold and disposed of as a whole to an advantage to appellant and appellee, but not in any other manner. Prayer that the court hear and determine the respective rights and interests of the parties hereto and order said real estate and building sold, and appoint a commissioner to make said sale, and that the proceeds derived therefrom, after paying costs and expenses, be awarded to the parties hereto as their respective interests may appear, and for general relief.

Counsel for appellant have cited no authority and stated no reason why the complaint is good, except that in justice and equity they think the appellant ought to have a right to force a sale of the property and a division of the proceeds arising therefrom. They do not even state on what theory the complaint proceeds. Manifestly, the only theory on which it appears from its allegations to proceed is that of partition. But partition is only authorized by the statute among persons holding lands as joint tenants or tenants in common. Burns R. S. 1894, section 1200, R. S. 1881, section 1186. And the next section requires that the person applying therefor shall set forth in his petition or complaint a description of the premises and the rights and titles therein of the parties interested. There is no statement in the complaint of the rights and titles of the parties in and

426    SUPREME COURT OF INDIANA,

School Corporation of Russelville *v.* Lodge, No. 141, of F. and A. M.

to the real estate unless it be as to the building. There are many interests that parties may hold in real estate other than that of joint tenants or tenants in common. If the parties here held in any other way than as joint tenants or tenants in common they could not wage a suit for partition. *Lease* v. *Carr*, 5 Blackf. 353; *Chandler, by Moore, Guardian,* v. *Cheney*, 37 Ind. 391; *Arnold* v. *Arnold*, 30 Ind. 305.

The same was true at common law, 17 Am. & Eng.. Encyc. Law 677, 678, and authorities there cited. We can not tell, from the statements in the complaint, how they held. If they held as joint tenants or tenants in common, it was easy to so state, and the statute made it their duty to so state before they were entitled to partition. We can conceive of no reason why, if they were in fact tenants in common .or joint tenants, that fact was not stated, unless it be that if the truth had been disclosed it would have appeared the appellant was not entitled to partition.

But if we exclude from consideration all that is said about the ownership of the land on which the building is situated, and look alone to the averments in the complaint concerning the ownership of the building, the appellant is in no better situation. We would then have a case where partition is sought of a building alone on the basis that the defendant owns the south rooms of the third story with the right to ingress and egress, and the plaintiff owns the remainder of said building, and that the plaintiff wishes to terminate its use of the building, and hence asks a partition sale of the whole building. It is laid down in 17 Am. & Eng. Encyc. Law, 681, 683, that: "It may be stated as a general proposition that only such property as is held in cotenancy can be partitioned, and that where the parties are neither joint tenants, tenants in common, nor coparceners, but each

owns for himself, in distinct portions, neither equity nor law has power to effect a change, neither can a division be enforced as between cotenants and others holding or owning distinct portions in severalty." See the authorities cited in notes 1 and 2, page 683. A. purchased at execution sale so much of B's cellar as was not used by B. for the storage of his provisions and vegetables. It was held that A. could not have partition of his interest, that of B's being several and not joint. *Johnson* v. *Moser*, 72 Iowa, 523.

It was held in Massachusetts that buildings owned in common but standing on land to which the partitioners claim no title are not the subject of partition. *Rice* v. *Freeland*, 12 Cush. (Mass.), 170.

We are of the opinion that the complaint did not state facts sufficient to entitle the appellant to partition or any other relief, and that the circuit court rightly sustained the demurrer thereto.

The judgment is affirmed.

