## WEAVER, ADMINISTRATOR, v. GRAY.

[No. 5,480. Filed January 2, 1906.]

1. DESCENT AND DISTRIBUTION.—*Husband's Interest in Wife's Real Estate.—Debts of Decedent.—Statutes.*—Where the deceased childless wife received lands as a gift from her father, one-third of such real estate under §2642 Burns 1901, Acts 1891, p. 71, §1, descends in fee to the husband and such one-third is

not assets of her estate nor liable for her debts; and the other two-thirds, under §2628 Burns 1901, §2473 R. S. 1881, descends, subject to her debts, to the father, if living. *Herbert v. Rupertus,* 31 Ind. App. 553, distinguished.   p. 39.

2.   PARTITION.—*Executors and Administrators.—Husband and Wife.—Descent and Distribution.*—Where the deceased childless wife received, as a gift from her father, lands, one-third thereof descends to the husband and two-thirds to such father, subject to the payment of her debts; and such husband, father or her executor or administrator may maintain a suit for partition thereof (§1200 Burns 1901, Acts 1897, p. 125).   p. 41.

3.   EXECUTORS AND ADMINISTRATORS. — *Set-Offs.* — *Execution.* — *Exemptions.*—Where the administrator of the estate of a deceased childless wife, by order of court, sells such wife's real estate to pay debts, one-third of which belongs unconditionally to the husband, such administrator can not set off a judgment in his favor against such husband for the funeral expenses of such wife where the husband claims the benefit of a householder's exemption, his entire property being of less value than $600.   p. 42.

4.   DESCENT AND DISTRIBUTION.—*Withholding Legacies or Shares in Payment of Debts.*—The executor or administrator of an estate may withhold a sufficient sum belonging to a legatee or to the heir to satisfy any claim from such legatee or heir to the estate.   p. 42.

From Decatur Circuit Court; *Francis T. Hord,* Judge.

Final report of Daniel W. Weaver as administrator of the estate of Martha J. Gray, deceased, to which James Gray excepts. From a judgment in favor of the exceptor, the administrator appeals. *Affirmed.*

*Ewing & Tremain,* for appellant.

*John F. Goddard,* for appellee.

WILEY, J.—This action arose upon the appellee's amended exceptions to the appellant's final report as administrator of the estate of Martha J. Gray, deceased. During her lifetime the father of the decedent, Andrew Morris, in consideration of love and affection, conveyed to the deceased a tract of land, being in value less than $1,000. She died without issue, and her father and husband (appellee) survived her. The only personal property that came into the hands of the administrator belonging to the

decedent's estate, was of the value of only $6.60. She died owing some debts, and the administrator filed a petition to sell the real estate to raise assets with which to pay such debts. To this proceeding the appellee and the decedent's father were parties. The court found that the real estate was not susceptible of division in kind without injury, and ordered the whole tract to be sold, to which appellee consented. In that proceeding the court made a special finding of facts and stated its conclusions of law thereon. Among other things, it found that Andrew Morris, decedent's father, was entitled to receive two-thirds of the assets realized from such sale, subject to the debts of the decedent, and that the appellee, as the surviving husband, was entitled to receive one-third of such assets, and also $100 in value in payment of improvements which he made upon said real estate, and for which he held a lien. In its conclusions of law the court stated that the appellee was the owner in fee simple of an undivided one-third of all of said real estate, as heir of his wife, subject to the lien of said Gray for $100 on all of the real estate; that, upon the sale of the real estate, two-thirds of the proceeds thereof should be charged with the payment of two-thirds of the amount found to be due appellee for said improvements, and that after the payment of all of the debts the remaining two-thirds of the assets should be paid to Andrew Morris; that one-third of the amount due appellee for said improvements should be paid out of the other one-third of the proceeds of the sale, and that the residue of said one-third be paid to him as heir of the decedent.

In his final report the administrator charged himself with the sum of $6.60, derived from the sale of personal property, and the additional sum of $700, derived from the sale of the decedent's real estate, that being the amount for which the same sold. The total amount with which he charged himself was $706.60. In his current and final reports he showed disbursements for which he claimed and

was allowed credits aggregating $380.44, which left in his hands at the time of the filing of his final report the sum of $326.16. In his final report he showed to the court that the appellee was entitled to receive $6.60, being the entire amount of the personal estate, one-third of the purchase money of the real estate being $233.33, and $66.67 as his lien for the improvements made, making the entire amount due $306.60. The report further represents that appellee was wholly insolvent and failed to pay the funeral expenses and the expenses of the last illness of his wife; that the administrator paid the same and afterward recovered a judgment against appellee "by way of subrogation for the sum so paid, amounting to—principal and interest— $158.50; that by reason of the insolvency of appellee this amount could not be reduced to assets; that the administrator retained said amount from the distributive share of appellee to satisfy that debt, leaving a balance due him of $148.10. To this report appellee filed exceptions. In the first of these exceptions appellee set up the finding of facts and conclusions of law in the proceeding by the administrator to sell real estate and the judgment ordering the sale thereof. It then set out the judgment against appellant for $147 and costs, and averred that said amount could not be set off against appellee's one-third interest in the sum derived from the sale of decedent's real estate. The same exception set up the householders' exemption statute and asked that appellee be relieved from the payment of such judgment. The trial court sustained appellee's exception as to his right to have paid to him the sum of $233.33, being the one-third of the amount realized by the sale of the real estate, and that he was entitled to claim the same as exempt by reason of his being a resident householder of the State. The court approved the report of the administrator in all other respects, and directed him to correct the same in the manner indicated.

It is unnecessary to refer to the other specifications of the exceptions, for the question involved in this appeal is fully presented by the first.

That question, plainly stated, is this: Under the facts disclosed by the record was appellant authorized to retain out of the one-third of the fund realized by the sale 1. of the real estate belonging to appellee a sum sufficient with which to pay and satisfy the judgment which he held against appellee? If one-third of the fund thus realized became assets of the estate of the decedent, the question would be of easy solution. In our judgment, however, the one-third of such fund, although it came into the possession of the administrator under the order of the court directing the sale of the real estate, did not become and could not under the statute become a part of the assets of the estate for distribution. Section 2628 Burns 1901, §2473 R. S. 1881, provides: "An estate which shall have come to the intestate by gift or by conveyance, in consideration of love and affection, shall, if the intestate die without children or their descendants revert to the donor, if living, at the intestate's death, saving to the widow or widower, however, his or her rights therein: Provided, that the husband or wife of such intestate shall hold a lien upon such property for the value, at the intestate's death, of all improvements by him or her thereon, and for all moneys derived from the separate estate of such husband or wife expended in making such improvements." Section 2642 Burns 1901, Acts 1891, p. 71, §1, provides: "If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage."

In this case it is not claimed that decedent's wife had contracted any debts before her marriage. It follows, therefore, that, under the provisions of these statutes, upon her death, appellee was immediately seized of a one-third interest in her real estate, freed from the burden of any

debts, excepting liens, such as mortgages, etc., in which he joined. No such debts or liens are claimed here against the decedent. If this real estate had been susceptible of division in kind, a court would have had no authority to order its sale, for appellee's interest in the real estate was not subject to the payment of the debts of his deceased wife.

In the case of *Kemph* v. *Belknap* (1896), 15 Ind. App. 77, this court, by Lotz, J., said: "We are of the opinion that it was not the intention of the legislature to make the widower's interest in the real estate which descends to him liable for the general debts of the deceased wife. The widower, like the widow, in the descent of property from the deceased spouse, occupies a different position from that of an ordinary heir." In the same case, it was further said: "The costs of administration and expenses of last illness and funeral expenses were not specific liens upon any part of the realty, and the widower's one-third in no event was subject to the payment of such claims."

One-third of the money realized by the administrator upon the sale of the real estate belonged absolutely and unqualifiedly to the appellee, and became a trust fund in the hands of the administrator. Appellee's right thereto was as certain and definite as was his title to the undivided one-third interest in the real estate upon the death of his wife. To illustrate the relative rights to this fund as between the administrator and appellee, let us suppose that the real estate had been susceptible of division in kind, and had in fact been partitioned, and one-third thereof in value had been set off to appellee. Suppose, again, that subsequently to said partition, the administrator had recovered against appellee a judgment covering the expenses of the last illness and funeral of the deceased wife, and had sought to enforce that judgment by execution by levying upon the real estate so partitioned and set off to him. There is not even the shadow of a doubt but that, under such facts,

appellee could have claimed statutory exemption, if he had brought himself within its requirements, and thus be released from the payment of said judgment. In principle there can be no difference between the rights of the parties, whether one-third of the real estate be set off to him in kind, or whether it all be sold, not being susceptible of division.

Our attention has been called in the briefs to a line of cases, in which it was held that the administrator has the right to apply a sufficient amount of the share of a distributee of the estate in his hands to pay and satisfy a debt which the distributee owes the estate, even though he be a resident householder and have property of the value of less than $600. *Fiscus* v. *Fiscus* (1891), 127 Ind. 283; *Holmes* v. *McPheeters* (1898), 149 Ind. 587. While those cases declare a correct rule of law and an equitable doctrine, they are not applicable here, for the evident reason that the $233.33, which the administrator shows in his report is due to the appellee as his one-third interest in the fund derived from the sale of the real estate, is not a fund for distribution among or to heirs. It is a trust fund to which the statute gives appellee an absolute right.

Upon the death of appellee's wife he became vested *eo instante* absolutely with a one-third interest in her real estate, and her father in like manner became vested

2.  with a two-thirds interest therein, but which interest was subject to the payment of the debts of the decedent. Appellee and decedent's father, therefore, became tenants in common of this real estate, and under §1200 Burns 1901, Acts 1897, p. 125, either one of them and also the administrator could compel partition. The latter did this by petitioning the court to sell the land, and the court, having found that it was not susceptible of division in kind, ordered it all sold. This amounted in law to a partition, and the one-third interest in the amount realized from the sale of the real estate belonged as absolutely to the appellee as his one-third interest in the real estate.

Counsel for appellant assume in their brief that the judgment obtained by the administrator against appellee is one of subrogation; that is, that by such judgment the administrator is subrogated to the rights of the creditors who hold claims for the expenses of the last illness and burial of the decedent. If it be conceded that this proposition is well grounded, it logically and necessarily refutes appellant's proposition that he is entitled to apply a sufficient amount of the $233.33 in his hands to the payment of the judgment he holds against appellee. By having paid these claims, and subsequently reducing them to judgment against appellee, he could thereby obtain no greater rights than the original creditors, and there can be no doubt but that appellee would have a right, as against them, to claim any property of any character as exempt from execution, as against any attempt to collect such claims in the hands of the original creditors by execution.

In the following cases the right of an administrator to retain, out of the funds in his hands belonging to an heir or a legatee, against whom he holds an unsatisfied claim or judgment, an amount equal to such claim or judgment, is recognized. *Fiscus* v. *Fiscus, supra; Fiscus* v. *Moore* (1890), 121 Ind. 547, 7 L. R. A. 235; *New* v. *New* (1891), 127 Ind. 576; *Holmes* v. *McPheeters, supra; Koons* v. *Mellett* (1890), 121 Ind. 585, 7 L. R. A. 231.

These cases all recognize the right of heirs to participate equally in the estate of their ancestor, and this could not be if one heir, and hence a distributee, should be indebted to the estate in an amount equal to, less or more than his distributive share. In all of the cases cited it is apparent that the rule therein declared rests upon the proposition that heirs of the same class are entitled to share equally in the distribution of the estate, and this is true whether the funds to be distributed are derived from personal property or

real estate converted into money. The cases also involve the proposition that the distribution to heirs, legatees or distributees is to be made out of the general assets of the estate, and that the administrator or other person charged with such distribution can only retain out of such funds a sum sufficient to pay and satisfy a debt, which such heir, legatee or distributee owes the estate. This may be done, as the authorities hold, to the end that an equal distribution may be made and equity done between the heirs. The doctrine upon which the rule rests is tersely stated in the case of *Fiscus* v. *Moore, supra,* and quoted approvingly in *Fiscus* v. *Fiscus, supra,* as follows: "The ground upon which an administrator is entitled to retain so much of the distributive share of a distributee as will satisfy a debt due from the latter to the estate is, that the heir or distributee makes a demand upon the administrator in respect to assets in his hands as administrator, and the just and equitable answer in such a case is that the person making the demand has already in his hands assets belonging to the estate in excess of the distributive share which he is demanding."

The manifest difference between those cases and the one we are here considering is this: There the distribution was to be made out of the general assets or funds of the estate to heirs, legatees or distributees, while here the fund claimed by the appellee never became, and could not, in the very nature of things, become a part of the assets of the estate for distribution. There is no more reason for an attempt to deprive appellee of his right to the undivided one-third interest in the real estate of his deceased wife than there is to deprive him of the fund realized by its sale by the administrator. We might suggest, without attempting to decide, that the law would give to him a specific lien upon that fund in the hands of the administrator. Any reasoning which fails to appreciate the distinction between the right of an heir, legatee or distributee to share in the distribution of an estate out of the general funds of the

estate, and the right of a surviving husband to the undivided one-third interest in the real estate of his deceased wife under the facts disclosed in this case, must necessarily lead to a conclusion which is neither founded on logic nor reason.

After the most careful consideration of the question involved, we have reached the conclusion that the trial court arrived at the correct result.

This conclusion in nowise conflicts with the rule declared in *Herbert* v. *Rupertus* (1903), 31 Ind. App. 553. In that case it was held that one-third of the fund derived from the sale of a deceased wife's real estate, which under the statute descended to the surviving husband, was subject to the payment of a mortgage indebtedness upon the real estate, in which he joined and by the mortgage promised to pay. The mortgage was a lien upon the real estate, and the lien followed and attached to the fund in the hands of the administrator. In the case under consideration there was no lien, and this makes the line of distinction between the two easy.

Judgment affirmed.