Miles G. BURFORD, Plaintiff-Appellant,

v.

William B. BURFORD, III; Helen Danner Garrigues; H. Burford Danner; Albert E. Metzger Wysong; Merchants National Bank & Trust Company, As Trustee of the Non-Marital Deduction Trust, pursuant to the Estate of Alfred L. Piel; Adele P. Meyer, As Trustee of the Elmer W. Piel Trust; Eleanor Marie Meyer and Adele P. Meyer; American Fletcher National Bank and Trust Company, Trustee of the Herbert C. Piel Living Trust; Maude Hovey Piel; Frederick C. Melcher; Theodore E. Berg; John M. Kitchen, As Trustee pursuant to the Estate of William E. Berg; Herbert C. Piel, Trustee of the Selma P. Brikmeyer Trust, Lester P. Koelling; Allison P. Koelling; Alger P. Wysong; Mary Louise (Schwier) Schuler; Vera Eleanor (Schwier) Schuler; Carl W. Piel, Jr.; Helen S. Hegeman; Jane and John Doe, Unknown Devisees of Alma Piel Sudbrock, Defendants-Appellees.

No. 1–878A226.

Court of Appeals of Indiana, First District.

Oct. 31, 1979.

Rehearing Denied Dec. 6, 1979.

Stephen B. Cohen, Foss, Schuman & Drake, John D. Norcross, Chicago, Ill., David F. McNamar and William S. Ayres, Steers, Sullivan, McNamar & Rogers, Indianapolis, for plaintiff-appellant.

H. Earl. Capehart, Krieg, DeVault, Alexander & Capehart, Heather M. McPherson, Kothe, Shotwell, Claycombe, Hendrickson & Kortepeter, Indianapolis, for defendants-appellees.

NEAL, Judge.

Plaintiff-appellant Miles G. Burford appeals from the trial court's action in dismissing his amended petition for partition of real estate pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), for failure to state a claim upon which relief can be granted.

The sole issue presented for review by this court is the correctness of the trial court's action.

The facts, gleaned from the amended petition and developed by the plaintiff-appellant's response to the several motions to dismiss, and the briefs, disclose that there are two parcels of real estate. Parcel I, in the City of Indianapolis, is owned by numerous defendants who will be referred to herein for convenience as the "Piel Family." Parcel II is adjoining real estate, the title to which is held by plaintiff-appellant, William B. Burford III (now deceased), Helen Danner Garrigues, and H. Burford Danner, each owning an undivided one-fourth, as tenants in common. For convenience we shall refer to the owners of Parcel II as the "Burford Family." The Burford Family owns no interest in Parcel I. The Piel Family owns no interest in Parcel II.

The Piel Family leased their Parcel I to S. S. Kresge Co. in 1945, and the Burford Family leased their Parcel II to Kresge at the same time, but by a separate lease. Under the terms of each separate lease, Kresge had the right to construct a six-story commercial building covering both parcels. The ownership of the building, pursuant to the terms of the separate leases, was to revert to the owners of the fee at the termination of the leases. The separate leases further contained a provision which obligated Kresge to so construct the building that the building could, with practicability, be converted into two buildings upon the expiration of the leases. Kresge failed to construct the building along the property line, so as to make two buildings. When the leases expired in 1975, both the Piel Famiy and the Burford Family made separate claims against Kresge for damages for their breach of the leases in respect to the division of the building. Kresge settled both claims separately for substantial sums, for damages incurred by the owners. This brings us to the crux of the problem. The Piel Family and the Burford Family each own a separate lot contiguous to each other and spanned by one building.

Plaintiff-appellant filed his suit for partition against his cotenants of Parcel II and the Piel Family as well. He claims that the parties entered into a joint venture by the execution of the separate leases to Kresge who had the right to build a building on the

adjoining parcels for the parties' mutual benefit and profit and that the parties have joint and common interests in the building with each having the right to possession of an unidentifiable and undividable interest in the building. He claims that the building and Parcel I and Parcel II cannot be divided without damage to the whole. He concludes his petition for partition with a prayer for relief that the parties be adjudged the owners of the real estate and the building; that he may have partition by the sale of the whole building and both Parcel I and Parcel II; and that the proceeds be distributed according to the interests of the parties. Defendants-appellees Piel Family, as well as the plaintiff's cotenants, filed separate motions to dismiss which were sustained in the trial court.

T.R. 12(B)(6) provides for a motion to dismiss for "[f]ailure to state a claim upon which relief can be granted." Our Supreme Court in *State v. Rankin*, (1973) 260 Ind. 228, 230, 294 N.E.2d 604, 606, stated the rule to be that ". . . a complaint is not subject to dismissal [under a 12(B)(6) motion] unless it *appears to a certainty* that the plaintiff would not be entitled to relief under *any set of facts*." Therefore, the focus of this examination is whether under plaintiff-appellant's amended petition it appears that he is or is not entitled to any relief whatsoever.

Ind. Code 32–4–5–1 provides that "[a]ny person holding lands as joint tenant or tenant-in-common . . . may compel partition . . . ." The Indiana cases have held that the right of partition is one of the incidents of the cotenancy, together with the right of sale of the whole tract in the event the land is indivisible. *McClure v. Raber*, (1939) 106 Ind.App. 359, 19 N.E.2d 891; *Weaver v. Gray*, (1906) 37 Ind.App. 35, 76 N.E. 795.

▪ The first problem in the case at bar is whether an owner, where there are two separate lots, owned by different interests, spanned by a common building, can maintain partition proceedings for the sale of the whole. The Indiana cases hold that he cannot.

In *Kitchen v. Sheets*, (1848) 1 Ind. 138, the plaintiff filed his petition for partition where he was a tenant in common in one tract with four persons, and a tenant in common in another tract with six persons. The court held he could not have a division of the two tracts in one suit.

In *Anderson School Township v. Milroy Lodge F. and A.M. No. 139*, (1891) 130 Ind. 108, 29 N.E. 411, a building was constructed on the plaintiff's property, by agreement, and by further agreement the plaintiff owned the first floor, a third party the second floor, and the defendant owned the third floor. Plaintiff brought his action for partition of the *building*. Partition was denied. The court stated that "[a]s each party owned its part of the property in severalty, it is legally impossible that partition can be awarded, as there is no community of interest".

The case of *School Corporation of Russelville v. Lodge No. 141 F. and A.M.*, (1895) 140 Ind. 422, 39 N.E. 549, came to a similar result. The court said at 426, 39 N.E. at 550:

". . . '[I]t may be stated as a general proposition that only such property as is held in cotenancy can be partitioned, and that where the parties are neither joint tenants, tenants in common, nor coparceners, but each owns for himself in distinct portions, neither equity nor law has power to effect a change, neither can a division be enforced between cotenants and others holding distinct portions in severalty.' . . ."

The facts in the case were that the defendant owned identifiable rooms on the third floor, by prior agreement, and the real estate and remainder of the building were owned by the plaintiff.

In applying the rules enunciated by the statute and the Indiana courts, it is clear that neither the Burford Family, nor any one of them can force a partition or sale of the Piel Family's Parcel I, or the whole building. From the minimal information that came before us in the record, it appears that the Burford Family leased sepa-

rately to Kresge. The Piel Family leased separately to Kresge. Each lease contemplated a building that could be made into two buildings with a minimum of cost and difficulty upon the termination of the lease, so that each parcel would have a functional building, which would revert to the owners of the fee. Only Kresge's failure to comply with the terms of the leases prevented this end. The Piel Family settled their claim against Kresge for the breach of the lease, and the Burford Family did likewise. All in all it does not appear that the owners of the respective parcels intended a community of interest, or common ownership, or an undivided ownership of the whole building. The parties intended at the termination of the leases to have separate functional properties. They did not, but they did receive damages from Kresge, which, presumably, were intended for payment of the costs occasioned by the alterations necessary to accomplish the original end, that is, two separate buildings. The act of Kresge cannot be used as an instrument to rewrite the entire transaction and force unwilling persons to sell their property. There was no privity demonstrated in these proceedings between the Burford Family and the Piel Family. Each acted separately, but on a parallel course. The end result is that the Burford Family owns Parcel II and the improvements thereon up to the boundary line, and the Piel Family owns Parcel I and the improvements thereon up to the boundary line.

For the reasons stated we hold that the plaintiff-appellant cannot force partition by sale of the Piel Family's Parcel I and the building as a whole, and that the trial court's action in dismissing the complaint as to the Piel Family defendants is affirmed.

■ The question next presented is, can the plaintiff-appellant force partition by sale of the Burford Family Parcel II. We hold, pursuant to the authority in Ind. Code 32–4–5–1, *McClure, supra,* and *Weaver, supra,* that he can. Plaintiff-appellant owns an undivided one-fourth interest in Parcel II as tenant in common, with three other persons, together with the improvements setting upon it up to the boundary line. Plaintiff-appellant and his cotenants therefore each own an interest, regardless of the physical difficulty with the building, which is salable, by themselves, or by order of the court in a partition proceeding. It is sufficient that the parties are the owners of the land and improvements as tenants in common to invoke the partition statute.

We therefore hold that the plaintiff-appellant is entitled to have the real estate owned by the Burford Family, Parcel II, partitioned, and the court erred in dismissing this cause as to those parties.

■ It is mentioned in the briefs that William B. Burford III was deceased at the time of the filing of this action, and that the complaint was defective because the plaintiff-appellant had not made his successors in interest parties. Of course all persons having an interest in real estate are necessary parties. This is a matter that can be attended to by the trial court on remand.

We affirm the dismissal of the action against the owners of Parcel I, the Piel Family. We reverse the action of the trial court in dismissing this cause as to the owners of Parcel II, the Burford Family, and remand the same to the trial court for proceedings not inconsistent with this opinion.

Affirmed in part, and reversed and remanded in part.

LOWDERMILK, P. J., and ROBERTSON, J., concur.