**Susan Marie EMERICK, on behalf of Anthony John HOWLEY, a minor, Respondent,**

v.

**Sharon SANCHEZ, Personal Representative of the Estate of Thomas John Howley, Appellant,**

**Mutual of Omaha, a Nebraska corporation, Defendant.**

No. CX–95–1760.

Court of Appeals of Minnesota.

April 30, 1996.

Richard A. Emerick, Burnsville, for Respondent.

William E. Macklin, Nord & Macklin, P.A., Lakeville, for Appellant.

Considered and decided by KLAPHAKE, P.J., and TOUSSAINT, C.J., and MULALLY, J.*

## OPINION

KLAPHAKE, Judge.

Respondent Susan Marie Emerick, on behalf of Anthony John Howley, a minor, (Emerick) brought this declaratory judgment action against appellant Sharon Sanchez, Personal Representative of the Estate of Thomas John Howley (the Estate), and defendant Mutual of Omaha, a Nebraska corporation (Mutual of Omaha). Emerick sought to impose a constructive trust on the proceeds of a Mutual of Omaha life insurance policy that named the Estate as beneficiary. Emerick argued that allowing the Estate to receive the proceeds violated a divorce decree provision that required Emerick and Thomas Howley to maintain existing life insurance benefits for their minor child's benefit.

The Estate appeals from an order and partial judgment imposing the trust and awarding the proceeds of the policy to Emerick. By agreement of the parties, Mutual of Omaha deposited the proceeds with the court administrator and was dismissed from this action. Because we conclude that the divorce decree provision is ambiguous, we reverse and remand for further proceedings consistent with this opinion.

## FACTS

Thomas John Howley and Emerick were divorced in July 1988. The divorce decree, which was amended in July 1991, granted Emerick primary physical custody of the parties' three-year-old son and ordered Thomas Howley to pay child support of $575 per month. The amended decree also provided:

> That Petitioner [Emerick] and Respondent [Thomas Howley] shall keep in full force and effect, all existing life insurance benefits, group or otherwise, for the benefit of the parties' minor child until the minor child attains the age of eighteen (18) years.

The decree further ordered that Thomas Howley provide "as additional support * * * the medical, hospitalization and dental insurance or plan presently maintained through his employer," and that Thomas Howley pay one-half of any annual deductible, co-pay, or uninsured medical, hospitalization, or dental expenses.

The Mutual of Omaha policy was in effect at the time of the divorce. The policy was provided by Thomas Howley's employer, The Toro Company.

On April 18, 1995, Thomas Howley died. At the time of Thomas Howley's death, the Mutual of Omaha policy was valued at $58,000 and named the Estate as beneficiary. Thomas Howley's will named his and Emerick's son as a beneficiary entitled to thirty percent of the residuary estate.

In support of this action to impose a constructive trust on the proceeds of the Mutual of Omaha policy, Emerick submitted affidavit evidence. Emerick explained that at the time of the divorce

> [i]n consideration of the Decedent's promise to name our minor son as beneficiary on all life insurance policies, I agreed to below-guidelines child support, waived my right to a portion of the Decedent's pension plan, and agreed to allow the Decedent to claim the federal income tax dependency exemption for [our son].

Emerick stated that her son was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) in kindergarten, continues to have school and behavioral problems, and will probably not graduate from high school until the year 2001, just one month before his 20th birthday. Emerick also stated that The

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Toro Company has informed her that it will continue her son's medical and dental coverage at their premium cost for two years; Emerick thus noted that she will be responsible for these costs after that date. Emerick estimated that future child support and medical and dental expenses will total at least $53,097.

## ISSUE

Did the trial court err in ordering that all of the proceeds of the insurance policy be paid to the minor child?

## ANALYSIS

■ The district court ruled on this matter after considering the parties' pleadings and affidavits. We therefore treat Emerick's motion for a constructive trust as a summary judgment motion. *See* Minn.R.Civ.P. 56.03 (summary judgment appropriate if record shows that no genuine issue as to any material fact exists and that either party entitled to judgment as matter of law).

■ A constructive trust may be granted in an action against the named beneficiary of a life insurance policy when that beneficiary has been unjustly enriched by receiving proceeds in violation of a divorce decree. *Taylor v. Taylor,* 413 N.W.2d 587 (Minn.App. 1987). Here, whether there has been a violation turns on the meaning of a stipulated provision that required both parties to "keep in full force and effect, all existing life insurance benefits * * * for the benefit" of the parties' son until he turns 18.

■ Stipulations are treated and interpreted as binding contracts. *Tomscak v. Tomscak,* 352 N.W.2d 464, 466 (Minn.App. 1984). While the construction and effect of an unambiguous stipulation are questions of law, those questions become factual when an ambiguity exists. *See Anderson v. Archer,* 510 N.W.2d 1, 3–4 (Minn.App.1993). Summary judgment is inappropriate when the terms of a contract are ambiguous or reasonably susceptible to more than one interpretation. *Donnay v. Boulware,* 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966). In such a case, the trial court should allow the parties an opportunity to present evidence of the facts and circumstances surrounding the contract's execution and the relevant conduct of the parties. *Id.*

■■ A trial court has the power to order a child support obligor to obtain or maintain life insurance to secure child support payments. *Thiebault v. Thiebault,* 421 N.W.2d 747, 748 (Minn.App.1988). That authority derives from the following statute, which was in effect at the time the parties in this case drafted their stipulation:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child but not by the death of a parent obligated to support the child. When a parent obligated to pay support dies, the amount of support may be modified, revoked, or commuted to a lump sum payment, to the extent just and appropriate in the circumstances.

Minn.Stat. § 518.64, subd. 4 (1986). Thus, the statute raises a presumption that such provisions are intended as security for child support obligations. If the parties or the court intend another purpose, the provision must articulate that intent with particular specificity. Absent this specificity, the provision may be ambiguous.

■ In this case, the Estate claims that the provision was intended as security for Thomas Howley's child support obligation, while Emerick claims that the provision was intended for the child's general benefit, independent of the child support obligation. Emerick's affidavit statements, however, also suggest that the provision was part of the parties' property settlement. The parties' positions illustrate varying purposes that life insurance provisions might serve, such as security for a child support obligation, as an outright gift to the child, or as part of the parties' property settlement.

The provision at issue here is ambiguous because the parties' intent is not clear from its language. The provision states it is for the "benefit" of the child, which would be consistent with security, if it referenced the support obligation. It, however, does not

reference the support obligation, thus suggesting a gift. The provision then terminates upon the child reaching the age of 18, negating donative intent by tracking closer to the end of a normal child support obligation. The provision also requires both parents to maintain life insurance, suggesting an element of "security" for child support should one or both parents die. Given this contradictory language, we must remand for further proceedings that may include consideration of other extrinsic evidence of the parties' intent.

■ Finally, Emerick requests costs and attorney fees on appeal. This court may award attorney fees on appeal if we find that a party has acted speciously and solely for the purpose of harassment or if we determine that fees are necessary to enable a party to carry on or contest the proceeding. *Roehrdanz v. Roehrdanz*, 438 N.W.2d 687, 691–92 (Minn.App.1989), *review denied* (Minn. June 21, 1989). Because Emerick fails to explain why she is entitled to fees and cites no authority for her request and because we do not believe that the Estate has acted speciously in pursuing this appeal, we deny Emerick's request for fees on appeal.

## DECISION

The order imposing a constructive trust on the proceeds of the Mutual of Omaha policy is reversed. The matter is remanded for further proceedings to determine the parties' intent.

**Reversed and remanded.**