**COUNTY OF BLUE EARTH,**
**Respondent,**

v.

**Dennis J. TURTLE, et al., Appellants,**

**MinnStar Bank, f/k/a The Lake Crystal National Bank, Defendant.**

**No. C4–98–2157.**

Court of Appeals of Minnesota.

May 4, 1999.

Review Denied June 29, 1999.

Kenneth R. White, Farrish, Johnson, & Maschka, Mankato, for appellants.

Ross E. Arneson, Blue Earth County Attorney, Mankato, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, RANDALL, Judge, and HUSPENI, Judge.*

## OPINION

RANDALL, Judge.

Appellants argue that the district court erred when it ruled that respondent could proceed with an action to partition two adjoining, but separately owned, parcels of land on which a single indivisible structure stands. We affirm.

## FACTS

Appellants Dennis and Mary Jeanne Turtle owned two separate parcels of land in Southbend Township, Blue Earth County. A 12–unit apartment building was built across the two parcels. The State of Minnesota, through Blue Earth County, obtained title to parcel 1 through a tax forfeiture proceeding. The Turtles lost all interest in that parcel. The Turtles continue to own parcel 2. Minnstar Bank, f/k/a The Lake Crystal National Bank, has a mortgage lien on both parcels.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

According to the Blue Earth County Assessor's officer, the combined assessed value of the two parcels for tax purposes, including the apartment building, is in excess of $200,000.

Blue Earth County brought an action seeking partition. The Turtles sought to dismiss the action for failure to state a claim on which relief could be granted. Following a hearing, the district court dismissed the motion. The Turtles appealed and this court dismissed the appeal, holding that the district court's decision was not an appealable order or judgment because the district court had not yet ordered partition. *See County of Blue Earth v. Turtle*, No. C1–98–205, 1998 WL 389080 (Minn.App. July 14, 1998), *review denied* (Minn. Sept. 30, 1998). The matter was returned to the district court. The Turtles again moved to dismiss the county's action for failure to state a claim on which relief can be granted, arguing that because no common ownership existed, an action for partition cannot lie. The district court directed the partition of the property and appointed three referees. Judgment was entered, and this appeal follows.

### ISSUE

Can the State of Minnesota, holding title to one parcel of property through tax forfeiture, bring an action for partition against the owner of an adjoining parcel of property where a common building spans the two parcels?

### ANALYSIS

A district court's findings of fact shall not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01. Where the material facts are not in dispute, this court need not defer to the district court's application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

By statute:

When two or more persons are interested, as joint tenants or as tenants in common, in real property in which one or more of them have an estate of inheritance or for life or for years, an action may be brought by one or more of such persons against the others for a partition thereof according to the respective rights and interests of the parties interested therein, or for a sale of such property, or a part thereof, if it appears that a partition cannot be had without great prejudice to the owners.

Minn.Stat. § 558.01 (1998). The common ownership may be based on either legal or equitable title. *Searles v. Searles*, 420 N.W.2d 581, 583 (Minn.1988). Although an action for partition is statutory, in Minnesota, "the court is guided by the principles of equity in its decisions." *Anderson v. Anderson*, 560 N.W.2d 729, 730 (Minn.App. 1997) (citing *Swogger v. Taylor*, 243 Minn. 458, 464–65, 68 N.W.2d 376, 382 (1955)), *review dismissed* (Minn. May 28, 1997).

The Turtles argue that no common ownership exists in the two parcels, either as joint tenants or tenants in common, and therefore, under the express terms of Minn. Stat. § 558.01, an action for partition cannot lie. The county counters, arguing that this specific partition action can proceed pursuant to Minn.Stat. § 282.04, subd. 3 (1998), a statute designed to cover this limited fact situation. We agree with the county.

Minn.Stat. § 282.04, subd. 3, provides:

Where an undivided portion of any parcel of land is forfeited to the state for taxes, the owner or owners of the portions of said parcel not forfeited, *or the state of Minnesota*, may in the manner provided by sections 558.01 to 558.32, maintain an action for the partition of said parcel making the state or other owners as their interests may appear a defendant in the action.

Minn.Stat. § 282.04, subd. 3 (emphasis added).

The Turtles focus on the language of Minn. Stat. § 282.04, subd. 3, noting that it refers to "an undivided portion of any parcel of land." *Id.* The Turtles contend this statutory language evidences an intent that the forfeited parcel must be both undivided and that there must be more than one ownership interest in the forfeited parcel. For this reason, the Turtles maintain that the present case must fail as a matter of law because it involves a partition action brought by the

county to divide two separate parcels of real property.

Here, our canons of statutory construction require us to give meaning to the legislature's intent as embodied by the language of Minn.Stat. § 282.04, subd. 3. *See* Minn.Stat. § 645.16 (1998) (object of interpreting and constructing laws "is to ascertain and effectuate the intention of the legislature. Every law shall be construed * * * to give effect to all its provisions."). Under the Turtles' interpretation, Minn.Stat. § 282.04, subd. 3, could never be applied. It is a matter of common sense. The State of Minnesota is never a "co-tenant" of a fully *tax-forfeited* parcel of property. When a parcel of property is forfeited to the state for unpaid taxes (all redemption periods have expired), all other holders of ownership interest and/or liens, by definition, have not come forward to redeem, and their interest has been extinguished, leaving the state alone in ownership.[1] Also, you never have the situation to start with where the State of Minnesota and a private owner purchase a piece of land together in joint tenancy (or tenancy in common), real estate taxes accrue, are unpaid, the statutory period for redemption expires, and the state is now the co-owner of land on which taxes have not been paid. When the State of Minnesota takes possession of land, there are then no further real estate taxes. *See* Minn.Stat. § 272.68, subd. 2 (1998) (stating property otherwise taxable acquired by the government shall remain taxable until acquiring subdivision of government takes actual possession).

■ Giving any sense to Minn.Stat. § 282.04, subd. 3, which covers the present situation here, the State of Minnesota can move for partition because it owns (tax forfeit) one lot under a common building and a private entity owns another lot beneath that same common structure.

This partition statute could never apply under the Turtles' interpretation, which is that both they and the state had to be "co-owners" of parcel 1 (the tax forfeited parcel) before partition could be brought. Simply

put, when the Turtles owned parcel 1, even when they were in arrears, they still "owned it" alone subject, of course, to the lien for back taxes. But when all their periods of redemption expired, they totally lost ownership, and at that moment when they totally lost ownership, the state acceded as owners to what we call "tax title." There never was a moment in time when the Turtles and the State of Minnesota, as "co-owners," owned the piece together at a time when real estate taxes were due and owing, but the Turtles had time left to pay arrears and redeem.

The Turtles argue that *Burford v. Burford*, 182 Ind.App. 640, 396 N.E.2d 394 (1979) should control. In that case, the Piel family and the Burford family each owned separate adjoining lots that were spanned by one building. *Id.* at 395. The families entered into separate leases with the S.S. Kresge Company. *Id.* Under the terms of each lease, Kresge had the right to construct a six-story commercial building spanning both parcels. *Id.* Because the ownership of the building was to revert to each family on the termination of the leases, the building was to be built in such a way that it could, with practicability, be converted into two buildings when the leases ended. *Id.* The building, however, was not constructed in such a manner. *Id.* A member of the Burford family then brought an action to partition the building, claiming that, by executing the leases with Kresge, the parties entered into a joint venture for the parties' mutual benefit and that each party had joint and common interests in the building with each having the right to possession of an unidentifiable and indivisible interest in the building. *Id.* at 395–96. The Piel family moved to dismiss for failure to state a claim on which relief could be granted. *Id.* at 396.

The Indiana Court of Appeals Court affirmed the trial court's decision to dismiss based on the Indiana statute which has some similarity to Minn.Stat. § 588.02 (1998). Quoting an earlier decision of the Indiana Supreme Court, the court stated:

1. *See* Minn.Stat. § 281.25 (1998) (stating title to parcel of land acquired by state shall be held in trust for respective taxing district interested in

taxes, assessments, penalties, interest, and costs accrued against such parcel).

"[I]t may be stated as a general proposition that only such property as is held in cotenancy can be partitioned, and that where the parties are neither joint tenants, tenants in common, nor coparceners, but each owns for himself in distinct portions, neither equity nor law has power to effect a change, neither can a division be enforced between cotenants and others holding distinct portions in severalty."

*Id.* (quoting *School Corp. v. Russellville Lodge No. 141 of Free & Accepted Masons,* 140 Ind. 422, 39 N.E. 549, 550 (1895) (other quotations omitted)). The court affirmed, holding "[t]here was no privity demonstrated in these proceedings between the Burford Family and the Piel Family." *Id.* at 397. The court concluded, stating that the Burford Family owned parcel II and the improvements on it and that the Piel Family owned parcel I with all its improvements. *Id.*

*Burford* is distinguishable on its facts. *Burford* did not involve the State of Indiana and Indiana's version of tax forfeited land. Thus, *Burford* did not involve our statute, Minn.Stat. § 282.04, subd. 3, which is specific and limited to cases, like this one, where the State of Minnesota is involved because "any parcel of land is forfeited to the state for taxes." The situation in *Burford* simply involved private parties and also a bad business deal. The aggrieved parties could not partition, but they had directed relief through a lawsuit for negligent construction against the builder who had not built a building easily convertible into separate buildings when the leases were over. In this case, the apartment building is constructed and lies across both properties in such a manner that it cannot "be divided" without totally, or near totally, destroying it. The totality of these facts takes this case out of any legal or equitable relationship to *Burford* and other cases cited by appellant.

At oral argument, appellants' counsel suggested that it would not be impossible to "cut the building in half," seal up the new two respective ends, and then appellants would own half a building on their parcel, and the state would own half an apartment building on its parcel. Counsel was trying to be helpful and not trying to be facetious, but the suggested alternative to what the district court ordered is facetious. The building is sorely in need of repair and rests on a tax-forfeited parcel either because of a lack of cash flow or because the Turtles just did not want to spend the money to keep it up. The Turtles' taxes on parcel 1 have remained unpaid for years, and the amount of money needed to adequately refurnish the building has not been put into it by the Turtles. If they cannot afford upkeep and taxes, why would they claim they could afford the thousands and thousands to have a construction company split a nondivisible apartment building down the middle, then seal up two exposed ends with masonry, wood, siding, insulation, adequate wiring, adequate plumbing, and whatever else would be needed to insure that the individual tenants in each half would have safe and livable apartment units? It appears from the record that the property line between parcel 1, belonging to the state, and parcel 2, still belonging to the Turtles, runs right through the living quarters of some of the tenants!

We know from the comments of counsel at oral argument, "this unholy embrace" happened because, back when the building was constructed (and the two parcels were owned jointly), for whatever reason, the county did not unify the tax statement for the two parcels. The record does not indicate that any previous owner and/or the Turtles ever requested that the county do that. Whatever entity issued the building permit should have required that the two lots be consolidated before the permit was issued, but did not. Thus, separate tax statements allowed the Turtles to repeatedly fall behind in taxes on one or both of the parcels, then pay up the arrears, and then fall behind again until they fell behind so far on parcel 1 that it became totally tax forfeit, and title passed to the State of Minnesota on parcel 1 in trust for the county.

This situation could have been avoided had the county, on its own, or at the Turtles' urging, consolidated the tax statements properly into one so the Turtles, or any other owner, would have had one tax statement on the apartment building to pay. Then, if they fell into arrears and failed to redeem in time,

there would have been one tax forfeiture action, and we would not have this appeal.

The district court, utilizing the specific statute for partition when the State of Minnesota is involved, as one of the parcels involved is tax forfeited, came up with the best practical solution. The rest of the partition process, the appointment of commissioners and the computation of values, will benefit the Turtles far more than asking them to pay half the cost of cutting this building in half, then 100% of the cost for rebuilding and sealing up the end of "their building" so that it is not dangerous to the public or their tenants, not an eyesore, and not a danger to the tenants in nearby State of Minnesota's "new six unit apartment building." We affirm the district court on its findings of fact and its conclusion of law.

The county argues that if this court does affirm the district court's decision ordering partition, this court should direct that partition by sale occur rather than partition in kind. However, the issue of whether partition by sale or partition in kind is appropriate in the present case has not been addressed by the district court. As the Turtles contend, the parties have not had the opportunity to present evidence and argument concerning the best way to partition, if partition is to be done. The manner of the partition is still before the district court and under its jurisdiction.

 Finally, the county is requesting attorney fees it incurred in defending this appeal. This case presents a novel issue of law and we cannot say as a matter of law that it was taken for the purposes of delay or to harass. Also, because the county cites no authority and has failed to provide any documentation to support its request, we decline the county's request for attorney fees. *See* Minn. R. Civ.App. P. 139.06, subd. 1 (providing all motions seeking attorney fees on appeal "must include sufficient documentation to enable the appellate court to determine the appropriate amount of fees."); *Emerick ex rel. Howley v. Sanchez*, 547 N.W.2d 109, 113 (Minn.App.1996) (denying request for costs and attorney fees on appeal where party failed to provide authority and explain why she was entitled to fees).

## DECISION

We conclude that on these specific facts, the district court properly utilized Minn.Stat. § 282.04, subd. 3, and did not err, either in law or in equity, when it ordered that this partition action proceed.

**Affirmed; motion denied.**